# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MARSHA K. BOYANOWSKI, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CAROLYN W. COLVIN, Acting Commissioner )<br>of the Social Security Administration, )<br>    Defendant. ) | CAUSE NO.: 1:12-CV-139-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act, Memorandum, and Exhibits [DE 32], filed by Plaintiff on August 2, 2013. On August 15, 2013, the Commissioner filed a response brief opposing only the amount of Plaintiff's fee request, and Plaintiff filed a reply on August 22, 2013.

## PROCEDURAL BACKGROUND

On July 2, 2013, the Court issued an Opinion and Order entering judgment and remanding the case for a new proceedings. On August 2, 2013, Plaintiff filed the instant fee application, seeking attorney's fees for 33.1 hours of work at a rate of $184.83 per hour for a total of $6,117.87, plus costs in an amount of $350. The Commissioner objects, arguing Plaintiff failed to justify the rate requested and failed to show that certain billed hours were reasonably expended.

## ANALYSIS

The Equal Access to Justice Act (EAJA) allows a prevailing plaintiff to recover reasonable attorney's fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Under 28 U.S.C.

§ 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)). Plaintiff has the burden of proving that the EAJA fees she seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). However, the amount of the fee award is ultimately a matter for the Court's discretion. *Hensley*, 461 U.S. at 437.

Plaintiff filed the instant fee application on August 2, 2013, which was within the period in which to file a petition for fees. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). By obtaining a remand, Plaintiff is considered a "prevailing party." *See Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Further, Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). The Commissioner does not dispute Plaintiff's argument that her position was not substantially justified. The Commissioner's only objection is to the amount of fees requested. She argues that Plaintiff has not met her burden of proving either that the rate requested is reasonable or that the number of hours claimed are reasonable.

### A. Reasonableness of Requested Rate

First, the Commissioner argues that Plaintiff has not provided justification for a rate above the statutory cap of $125. The EAJA provides that an award of attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Seventh Circuit Court of Appeals has read this language to mean that an attorney is not automatically entitled to an adjustment for inflation because "[i]nflation affects different markets, and different costs in the same market, in different ways." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). Instead, a plaintiff must show that inflation "actually justifies a higher fee." *Id.* That is, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.* For example, a Plaintiff may show the effect of inflation on her attorney's abilities to provide adequate legal services by submitting "evidence of his typical hourly rate, how his operating costs have been affected by inflation, what competent lawyers in the relevant geographic area charge, or that no qualified attorney would provide representation in comparable cases at the statutory rate." *Walton v. Colvin*, No. 1:12-CV-688-JMS-TAB, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013).

Plaintiff calculated the requested rate based on an increase of 47.86% in the consumer price index ("CPI") since March 1996, when the current version of the EAJA became law. To show how she calculated that percentage, she attached a chart from the U.S. Department of Labor of the CPI for all urban consumers during the relevant time period. She also writes, without attaching any

supporting documentation, that a rate of $184.83 per hour "is significantly lower than the actual market rates of [her] attorney." Mot. 7. The Commissioner argues that simply calculating the rate of inflation is not by itself sufficient to meet Plaintiff's burden of showing under *Mathews-Sheets* that inflation "actually justifies a higher fee." 653 F.3d at 563. She also notes in a footnote that at least one attorney who litigates disability appeals in the Northern District of Indiana has requested a rate of $125 per hour for social security litigation, undermining any argument that no lawyer can provide adequate legal services at that rate.

In response, Plaintiff argues only that "the methods and proof used to establish the hourly rate is . . . consistent with the procedures and requirements outlined and discussed in" *Fike v. Astrue*, No. 1:11-cv-168-RBC, 2012 WL 3656420 (N.D. Ind. Aug. 23, 2012). In that case, the only justification the plaintiff provided for the requested rate of $181.62 was a copy of the U.S. Department of Labor's CPI chart and a statement that the rate was "far lower than the actual market rates for [his] lawyers." *Id.* at *2 n.1. The court found that the plaintiff's statement that the requested rate was far below his attorney's market rate was "a rather lackluster showing" but "nonetheless . . . sufficient to justify a cost of living enhancement, considering [his] requested rate is consistent with the enhanced hourly rate the undersigned Magistrate Judge has often awarded to one local, experienced social security litigator." *Fike*, 2012 WL 3656420, at *2 n.1. At least one other court in this District has found a similar statement by itself to be sufficient. *See Misener v. Colvin*, No. 1:12-CV-036 JD, 2013 WL 6062709, at *6 (N.D. Ind. Nov. 18, 2013) (finding plaintiff's attachment of a CPI chart accompanied by certification that "the undersigned knows of no practitioner who would take a Social Security case to court for the EAJA rate of $125 per hour

without a cost of living adjustment" sufficient, "though perhaps not as thorough as it might have been," to award fees at a rate of $183.75.)

The Court agrees that although Plaintiff's statement that the requested rate is much lower than her attorney's regular market rate is at best "lackluster" and certainly "not as thorough as it might have been," it is sufficient to meet her burden of showing that inflation actually justifies a higher rate than the presumptive statutory cap, especially because a rate of $184.83 is in line with other awards this Court has recently made. *See, e.g.*, Order, *Raber v. Colvin*, No. 1:12-cv-103-JEM (N.D. Ind. Apr. 3, 2014), ECF No. 40 (awarding fees at a rate of $184 per hour); Order, *Christoffel v. Colvin*, No. 1:12-cv-148-JEM (N.D. Ind. Jan. 7. 2014), ECF No. 31 (awarding fees at a rate of $184.87 per hour); *Smith v. Colvin*, No. 1:12-cv-237-JEM (N.D. Ind. Apr. 3, 2014), ECF No. 44 (awarding fees at a rate of $186.00 per hour). Accordingly, the Court finds the requested rate of $184.83 to be reasonable.

**B.      Reasonableness of Hours Expended**

In addition to the rate requested, the Commissioner contests the number of hours claimed by Plaintiff. A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S.Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The burden remains with Plaintiff to prove that the hours were reasonably expended. *See Hensley*, 461 U.S. at 437. Additionally, "'[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980))(emphasis in original). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *See id.* at 437.

5

Plaintiff submitted a spreadsheet showing the time her attorney spent on various tasks related to her appeal. It included a half-hour meeting between Plaintiff and her attorney prior to filing her petition for judicial review to explain appellate procedure and the attorney fee arrangement; 21.4 hours reviewing the 1011-page administrative record and preparing the opening brief; 1.6 hours reviewing the Order of the Court and researching the "new cases" it cited; and 4.2 hours preparing the instant EAJA application. Plaintiff argues that this amount of time "compares favorably to numerous other EAJA awards in Social Security cases," citing seven cases from various district courts throughout the country in which times within a range of 53 to 122 hours were found to be reasonable. Mot. 9, Exh. C.

The Commissioner asks that certain hours be excluded or reduced in calculating attorney's fees. She argues that Plaintiff's claim of fees for the half-hour meeting with her attorney is not reasonable because the cost of "office conference and other communication between counsel and Plaintiff should not be borne by the government." Resp. 6. However, she provides no caselaw or other reasoning to support this argument. The Court also finds no reason to deny an attorney compensation for time spent advising his client on the status of her case, especially for such a brief meeting. *See Martinez v. Astrue*, No. 2:10-CV-370-PRC, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012) (declining to reduce EAJA fees for "time spent by counsel . . . meeting with his client regarding case strategy and its implications"); *Girondi ex rel. A.G. v. Astrue*, No. 09 C 3623, 2012 WL 3961303, at *2 (N.D. Ill. Sept. 10, 2012) (allowing EAJA fees for time spent composing two letters and making two phone calls to client); *Harris v. Barnhart*, 259 F. Supp. 2d 775, 782 (E.D. Wis. 2003) (declining to reduce EAJA fees "for time spent discussing this matter with plaintiff"). Additionally, the Court finds it instructive that the Social Security Administration's own internal

guidelines provide "[m]eeting with client" or making "[t]elephone calls with client" as examples of services for which someone representing a disability claimant at the administrative stage may recover fees. *See* POMS GN 03930.020(C)(3) (July 16, 2012).

The Commissioner also argues that 21.4 hours for preparation of the opening brief—4.8 hours of which Plaintiff attributed to reviewing the 1011-page administrative record—is excessive because the case did not involve novel issues and because Plaintiff did not "raise new authority in her argument." Resp. 6. On the contrary, although briefing on the issue was not particularly in depth and cites little caselaw, Plaintiff did raise a due process argument that few other courts have addressed. Also, in light of the relatively lengthy administrative record, the Court finds that Plaintiff's attorney could reasonably have spent 4.8 hours reviewing it and additional time recounting necessary facts in the opening brief.

The Commissioner also argues that 1.6 hours spent reviewing the Order of the Court and researching the "new cases" it cited would not have properly been billed to Plaintiff, especially because no opposition to the Order was filed, so that it is also not properly billed to the Government. On this point, the Court agrees with the Commissioner. While some time reviewing the Opinion of the Court is reasonable, time spent researching "new cases" cited in the Opinion would not properly be billed to a client when doing so does not directly benefit the client but serves only to keep the attorney current in his area of practice. Accordingly, the Court will reduce by 1 hour Plaintiff's claim to fees spent on this purpose.

Finally, the Commissioner argues that the 4.2 hours spent preparing the instant EAJA Motion was excessive because Plaintiff made no attempt to settle the matter with the Government first and because those hours alone accounted for "over 12% of the total time expended on the case." Resp.

6. The Court agrees that 4.2 hours is excessive. The majority of the application is identical to EAJA applications attorneys in Plaintiff's firm prepared in other cases around the same time with very little additional facts or argument specific to this case. *See, e.g.*, Brief of Plaintiff, *Verlee v. Astrue*, 1:12-cv-00045-TLS-RBC (N.D. Ind. July 17, 2013), ECF No. 33; Brief of Plaintiff, *Malone v. Colvin*, No. 1:12-cv-2213-TLS-RBC (N.D. Ind. May 11, 2013), ECF No. 32; Brief of Plaintiff, *Clark v. Astrue*, No. 1:12-cv-225-WCL-RBC (N.D. Ind. Feb. 10, 2013), ECF No. 22. Additionally, Plaintiff's firm routinely asks for little more than two hours of time for the preparation of EAJA applications, and there is nothing extraordinary in the instant application to have required more time. *See*, *e.g.*, Brief of Plaintiff, *Verlee v. Astrue*, 1:12-cv-00045-TLS-RBC (N.D. Ind. July 17, 2013), ECF No. 33 (asking for 2.2 hours); Brief of Plaintiff, *Malone v. Colvin*, No. 1:12-cv-2213-TLS-RBC (N.D. Ind. May 11, 2013), ECF No. 32 (asking for 1.7 hours); Brief of Plaintiff, *Clark v. Astrue*, No. 1:12-cv-225-WCL-RBC (N.D. Ind. Feb. 10, 2013), ECF No. 22 (asking for 2.0 hours). Accordingly, the Court will reduce to 2 hours the fees Plaintiff may claim for preparation of the EAJA application.

For the foregoing reasons, the Court finds that most but not all of the Plaintiff's attorney's hours were reasonably expended. Accordingly, the Court will award attorney's fees for a total of 29.9 hours.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS but for relief different than requested** Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act, Memorandum, and Exhibits [DE 32] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $5526.42 and costs in the amount of $350 pursuant to the Equal Access to Justice

Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe any pre-existing debt subject to the offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 15th day of April, 2014.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record.